Elius REED, Plaintiff,

v.

CITY OF MERIDIAN POLICE
DEPARTMENT, et al.,
Defendants.

Civ. A. No. 4:93–cv–162WN.

United States District Court,
S.D. Mississippi,
Eastern Division.

Feb. 17, 1995.

Elius Reed, pro se.

Thomas Jones, Jr., Bourdeaux & Jones, Meridian, MS, for the Police Dept. of the City of Meridian, Miss., Meridian Police Officers.

Leonard McClellan, Mississippi Atty. General's Office, Jackson, MS, for Mike Moore.

Steven D. Orlansky, Watkins & Eager, Jackson, MS, for Thomas Goldman.

### ORDER

WINGATE, District Judge.

Before the court are the separate motions of the defendants, the City of Meridian Police Department, Attorney Thomas Goldman, and The Mississippi Attorney General Mike Moore, all asking this court under Federal Rules of Civil Procedure 12(b)–(6) [1] to dismiss all of plaintiff's claims. Plaintiff Elius Reed, previously convicted of and sentenced for the criminal offense of armed robbery in state court, attacks that conviction and sentence and seeks recompense therefor under 42 U.S.C. §§ 1981,[2] 1983,[3] and 1985(3).[4] The

---

1. **(b) How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

(6) failure to state a claim upon which relief can be granted ...

2. **(a) Statement of equal rights**
   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and

defendants' motions to dismiss are opposed by Reed. Having reviewed the motions and supporting memoranda, this court is persuaded to grant the defendants' motions to dismiss. The court's reasons are set out below.

Plaintiff Reed is proceeding pro se. The case of *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), commands this court to hold plaintiff's pro se complaint to less stringent standards than formal pleadings drafted by lawyers. This court has followed that command.

In 1976, Reed was arrested and charged with armed robbery. Reed was tried and convicted in Lauderdale County Circuit Court and on January 5, 1977, Circuit Judge Lester Williamson sentenced Reed to six years in the Mississippi State Penitentiary at Parchman, Mississippi. On January 14, 1977, attorney Thomas Goldman filed a notice of appeal on behalf of Reed. Reed, however, subsequently signed an affidavit relinquishing his right of appeal and indicated his willingness to be sent to Parchman to begin serving his sentence. Although Reed was sentenced to six years, he was placed in the state's "Shock Probation"[5] program and was required to serve only 90 days at Parchman. Afterwards, the Governor of Mississippi, then the Honorable Cliff Finch, issued an executive order suspending Reed's sentence.

Reed's armed robbery conviction, however, was not expunged from his record.

More than a decade after his release from Parchman, Reed began a persistent effort to clear his record. First, Reed went to the state court system for help. There, Reed filed a motion for permission to file an out-of-time appeal. The Circuit Court Judge denied his request, and Reed appealed to the Mississippi Supreme Court. The Mississippi Supreme Court ordered Reed to seek relief under Miss.Code Ann. § 99–39–7.[6] Thereafter, Reed filed a motion for post-conviction relief. The trial court denied Reed's motion for post-conviction relief on the ground that he was not in custody when he filed the motion. Again Reed appealed. The Supreme Court affirmed the ruling of the trial court.

While awaiting the disposition of his appeal on his post-conviction relief motion, Reed filed this civil action seeking damages under 42 U.S.C. §§ 1981, 1983 and 1985 in this court. Reed alleged that two unknown white police officers, Goldman, and the Attorney General had played a role in his conviction and/or the subsequent denial of his request for post-conviction relief. The actions of these defendants, says Reed, violated his constitutional rights.

In *Heck v. Humphrey*, —— U.S. ——, ——, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383

equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

3. Title 42 U.S.C. § 1983 provides in part:

Every person, who under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

4. **(3) Depriving persons of rights or privileges**

If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the

equal protections of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws ... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

5. "Shock Probation" was authorized by Miss. Code Ann. § 47–7–47.

6. In general, § 99–39–7 sets forth the procedure a prisoner must follow in filing his motion for post-conviction relief.

(1994), the United States Supreme Court spoke to situations where a plaintiff under the guise of § 1983 attacks the legal sufficiency of his criminal conviction. The Court declared, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."

█ In the instant case, Reed has failed to demonstrate that his conviction is invalid. Firstly, Reed waived his right of appeal, thereby depriving the Mississippi Supreme Court of an opportunity to reverse his conviction. Secondly, although then Governor Cliff Finch issued an executive order in 1977 suspending Reed's sentence, the governor did not order that the conviction be removed from Reed's records. Thirdly, Reed's conviction has not been declared invalid by any state tribunal. Fourthly, because Reed never sought habeas corpus relief in this court, this court has not had an opportunity to call his conviction into question by granting the writ of habeas corpus. Consequently, this court finds that because Reed's conviction has not been declared invalid, Reed is barred by the jurisprudence of *Heck v. Humphrey* from bringing this action under § 1983.

It follows then that since Reed cannot collaterally attack his conviction in a civil action under § 1983, he also cannot complain of the acts that gave rise to the alleged conspiracy to deprive him of his constitutional rights under § 1985. And, as to Reed's § 1981 claim, this court finds that Reed has not set forth sufficient facts to establish that any of the defendants in this action unlawfully interfered with his right to contract.

█ Even if this court were to find that Reed's conviction had been invalidated, or that *Heck* does not apply here, Reed still would not prevail against the motions to dismiss because the time for filing his current civil claims has lapsed. Reed attempts to skirt around the time bar by alleging that the defendants committed acts in furtherance of the alleged conspiracy as late as 1991, and as such his claims against them are not time-barred. Suffice it to say, this court is not so convinced. Here, Reed has merely launched another attack on his 1977 conviction under a different characterization. ··

The "usual rule is that federal cases should be decided in accordance with the law existing at the time of the decision." *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 662, 107 S.Ct. 2617, 2621, 96 L.Ed.2d 572 (1987). In 1977, under Miss.Code Ann. § 15–1–49, Mississippi's "catch-all" statute of limitations, the limitations period was six years. Reed filed this action in 1993, more than a decade after the statute of limitations had lapsed on his claim. As such, Reed's claims were untimely filed and cannot be heard by this court.

Accordingly, for all of the foregoing reasons, this court hereby grants the defendants' motions to dismiss.

**SO ORDERED AND ADJUDGED.**